**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARY PARWANA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-06518-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On November 3, 2026, Petitioner Mary Parwana filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). (Dkt. 1.) For the reasons stated below, the Court GRANTS the Petition.

## II. FACTUAL AND PROCEDURAL HISTORY

Petitioner is a citizen of Afghanistan. (Dkt. 1 at 5.) Petitioner fled Afghanistan in June 1990 as a refugee. (*Id.* at 6.)

According to Petitioner, in approximately 2017, the Department of Homeland Security ("DHS") arrested Petitioner and detained her at the Adelanto Detention Facility in Adelanto, California, for approximately three months. (Dkt. 1 at 7.) Petitioner claims she was released on conditions and did her best to comply with them. (*Id.*)

On approximately January 23, 2020, DHS again arrested Petitioner and gave her a Notice to Appear to initiate removal proceedings. (Dkt. 1 at 7.) DHS detained Petitioner at the Adelanto Detention Facility and later at the Denver Contract Detention Facility in Aurora, Colorado. (*Id*.) An immigration judge granted Petitioner Deferral of Removal under the Convention Against Torture on approximately June 8, 2020. (*Id*.)

Petitioner argues that DHS found that she was neither a flight risk nor danger to the community when DHS previously released Petitioner from detention on approximately September 2, 2020, under an order of supervision. (Dkt. 1 at 7.) Following her release, Petitioner claims she did her best to comply with her conditions of release. (*Id*.) Petitioner notes "Petitioner has some criminal history." (*Id*.)

Petitioner claims that on approximately April 30, 2026, DHS re-arrested her without notice or opportunity to be heard, on the decision of an individual without authority to do so, without findings required by law, and in violation of agency rules. (Dkt. 1 at 8.) Following her re-arrest, Petitioner was transferred to Adelanto Detention Facility where she remains detained. (*Id*.)

On November 3, 2026, Petitioner filed the Petition. (Dkt. 1.) Petitioner brings seven claims for relief: (1) Violation of Fifth Amendment Right to Due Process - Procedural Due Process (2) Violation of the Fifth Amendment Right to Due Process - Substantive Due Process; (3) Violation of Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (B) - Contrary to Law and Constitutional Right; (4) Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) - Arbitrary and Capricious; (5) Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(C) in Excess of Statutory Authority; (6) Ultra Vires Action; and (7) Violation of the Accardi Doctrine. (*Id*. at 26-36.) Among the relief Petitioner seeks is her immediate release from custody. (*Id*. at 37.)

Respondents have not filed a notice of appearance or answer. Respondents' answer was due seven days from the entry of the general order. (Dkt. 5.)

///

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and. . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

Petitioner's requested relief, among other things, is an order granting the Petition and that Petitioner be immediately released. (Dkt. 1 at 37.) Respondents chose not to oppose Petitioner's claims and requested relief.

Respondents' choice not to oppose Petitioner's claims and requested relief constitutes forfeiture of the arguments Respondents could have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). As numerous other courts have found, petitions should be granted when respondents fail to oppose the primary relief sought. *See, e.g., Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-

SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."). Moreover, Local Rule 7-12 of the Central District of California states, "The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ".

Given Respondents chose not to file an answer and oppose the relief that Petitioner requests in the Petition, and the absence of procedural safeguards accorded to Petitioner in advance of Petitioner's re-detention, the Court finds that it is appropriate to grant the Petition and order that Petitioner be immediately released on the same conditions as prior to Petitioner's re-detention.

## V. CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1) Respondents to release Petitioner MARY PARWANA (A#028-253-989) immediately under the same conditions as Petitioner was released prior to Petitioner's re-detention;

///

(2) Respondents to return all property to Petitioner that was confiscated from Petitioner when Petitioner was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: November 12, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge